VAZ
F. #2021R00472

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH A FACEBOOK ACCOUNT ASSOCIATED WITH USERNAME SMOOV3.KIDD.OLANIYI THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. | Case No. 23-MC-2934<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, TYLER MICELI, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain Facebook account that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a company headquartered in Menlo Park, California. The Facebook account is associated with the username smoov3.kidd.olaniyi (active on, but not limited to, June 4, 2021) (the "SUBJECT ACCOUNT"). The information to be searched is described in the following paragraphs and in Attachment A.

2. I make this affidavit in support of an application for a search warrant under Title 18, United States Code, Section 2703(a), (b)(1)(A) and (c)(1)(A) to require Meta to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3.      I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for more than eight years.  Accordingly, I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C)—that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request such a warrant.

4.      I have been involved in the investigation of numerous cases involving firearms offenses.  I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for violent crimes, including armed robberies.

5.      I am familiar with the facts and circumstances set forth below from my participation in the investigation described below; from my review of the investigative file (including records of the New York City Police Department ("NYPD") and recovered video-surveillance footage that captures many of the events described below); and from reports of other law enforcement agents involved in the investigation.

6.      Because I am submitting this affidavit for the limited purpose of establishing probable cause, it does not include all the facts I have learned during my investigation.

7.      Unless specifically indicated, I report in this affidavit only in substance and part the contents of documents and the actions, statements, and conversations of others.

8.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 1951(a) (Hobbs Act robbery and attempted Hobbs Act robbery) and 924(c)(1)(A) (possessing and brandishing a firearm during a crime of violence) (the "Subject Offenses") have been committed by Yinka Olaniyi. There is also probable cause to search the information described in Attachment A for evidence of these crimes, as further described in Attachment B.

## JURISDICTION

9. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10. ATF and NYPD are conducting a criminal investigation of Yinka Olaniyi in connection with a series of armed robberies and an attempted armed robbery of neighborhood convenience stores in Brooklyn and Queens, New York, between February 22, 2021 and June 3, 2021.

11. There is probable cause to believe that Olaniyi committed the above-described robberies.  As part of the investigation, Olaniyi was arrested on June 13, 2021.  On July 7, 2021, a grand jury in the Eastern District of New York returned an indictment charging Olaniyi with multiple Hobbs Act and § 924(c) counts in connection with the above-described robberies.  See United States v. Olaniyi, No. 21-CR-350 (WFK) (E.D.N.Y. filed July 7, 2021), ECF No. 14.

12. On June 17, 2021, the Honorable James R. Cho, United States Magistrate Judge, issued a warrant to search certain premises for which there was probable cause to believe that Olaniyi was residing at the time (the "June 17, 2021, Search Warrant").  See 21-MJ-711.  The law enforcement affidavit (the "June 17, 2021, Affidavit") in support of the June 17, 2021, Search Warrant is attached as **Exhibit A** and incorporated herein.

13. Furthermore, there is probable cause to believe that Olaniyi has used the SUBJECT ACCOUNT.  The username includes the last name "olaniyi," while the vanity name (at least in June 2021) was "Ola Yinka," which is similar to Olaniyi's full name (Yinka Olaniyi).

3

A review of publicly accessible photographs on the SUBJECT ACCOUNT shows that the SUBJECT ACCOUNT has many photographs of Olaniyi. I also have reviewed at least two publicly accessible communications wishing happy birthday, both of which were posted on or about April 24, 2021. Based on a review of law enforcement databases, I know that Olaniyi's birthdate is April 24, 1999.

14. As explained in the June 17, 2021, Affidavit (see Ex. A ¶¶ 15-46), there is probable cause to believe, based in part on video surveillance footage of the robbed stores, that Olaniyi committed the above-described armed robberies and attempted armed robbery.

15. Moreover, there is probable cause to believe that Olaniyi was wearing certain types of dark clothing while robbing the stores, and that the clothes depicted in surveillance video footage will corroborate his involvement in the above-described robberies. (See Ex. A ¶¶ 16, 18, 23, 27, 31.) Surveillance-footage still photographs of such clothes include:








16. Moreover, there is probable cause to believe that Olaniyi bears a distinctive tattoo on the back of his left hand—a tattoo seen on video surveillance footage. (See Ex. A ¶¶ 25, 28.) When he was presented by law enforcement with surveillance-footage still photographs from the May 23, 2021, robbery, Olaniyi identified himself as the robber because of the hand tattoo. (See Ex. A ¶ 40.) An example image of such tattoo is shown below:



17. There is probable cause to believe that Olaniyi creates social-media posts displaying the tattoo, and that photographs of Olaniyi with the tattoo corroborates that he was in

5

fact the armed robber during the above-described robberies.  (See Ex. A ¶ 25.)  One such photograph was posted on the SUBJECT ACCOUNT on January 1, 2021:



18. Accordingly, there is probable cause to believe that the SUBJECT ACCOUNT includes electronically stored information that constitutes evidence of the crime—in particular, evidence corroborating Olaniyi's identity as the individual who participated in the above-described robberies from February 2021 to June 2021.

19. Based on my training and experience, I know that social-media photographs and videos of the above-described clothing and tattoo—as well as communications including such photographs and videos—will provide such corroboration of identification.  Based on my training and experience, I also know that individuals typically keep and wear their clothing repeatedly, including items of clothing worn while committing crimes; that individuals often post photographs and videos of such clothing on their social media accounts; and that such

photographs and videos often show tattoos found on body areas not typically covered outside by clothing, such as hands.

20. Based on a review of publicly accessible posts, I know that Olaniyi has been posting photographs of himself since September 16, 2016, at the earliest.

21. Meta owns and operates Facebook, a free-access social networking website that can be accessed at http://www.facebook.com. Facebook users can use their accounts to share communications, news, photographs, videos, and other information with other Facebook users, and sometimes with the general public.

22. Meta asks Facebook users to provide basic contact and personal identifying information either during the registration process or thereafter. This information may include the user's full name, birth date, gender, e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers. Each Facebook user is assigned a user identification number and can choose a username.

23. Facebook users can create profiles that include photographs, lists of personal interests, and other information. Facebook users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet.

24. Facebook users can upload photos and videos to be posted on their Wall, included in chats, or for other purposes. Users can "tag" other users in a photo or video, and can be tagged by others. When a user is tagged in a photo or video, he or she generally receives a notification of the tag and a link to see the photo or video.

25. Facebook users can use Facebook Messenger to communicate with other users via text, voice, video. Meta retains instant messages and certain other shared Messenger content

unless deleted by the user, and also retains transactional records related to voice and video chats. of the date of each call. Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.

26. Social networking providers like Meta typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, Facebook users may communicate directly with Meta about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Meta typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

27. Therefore, the servers of Meta are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Facebook, such as account access information, transaction information, and other account information.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

28. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Meta to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of

the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

29. Based on the foregoing, I request that the Court issue the proposed search warrant.

30. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Meta. Because the warrant will be served on Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

31. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

_[signature]_

TYLER MICELI
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me by telephone
on November 1, 2023

_Lois Bloom_

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK